### BRESEE v. LEWIS.

1. BROKERS — COMMISSIONS — EXCLUSIVE LISTING — REVOCATION — QUESTION FOR JURY.

> In an action by a real estate broker for a commission on the sale of a farm of which he had the exclusive listing, the issue as to whether plaintiff had revoked his contract with defendant before another broker sold the farm, was properly submitted to the jury, where the evidence was conflicting.

2. NEW TRIAL—EVIDENCE—GREAT WEIGHT OF EVIDENCE.

> Where the verdict in favor of defendant is fully supported by his testimony it cannot be said to be against the great weight of the evidence although plaintiff and another testified to the contrary.

3. SAME—TRIAL—CURING ERROR—APPEAL AND ERROR.

> Repeated attempts by defendant to get before the jury incompetent testimony, held, insufficient cause for a new trial, where said testimony was rejected, counsel severely criticized by the trial judge, and it does not appear that plaintiff's cause was prejudiced thereby.

Error to Calhoun; North (Walter H.), J. Submitted April 20, 1922. (Docket No. 88.) Decided June 5, 1922.

Assumpsit by Clifford L. Bresee against George J. Lewis for commissions on the sale of a farm. Judgment for defendant. Plaintiff brings error. Affirmed.

*N. A. Cobb,* for appellant.

*Howard W. Cavanagh,* for appellee.

WIEST, J. On April 21, 1920, defendant gave plaintiff the exclusive right to sell his farm for the sum

of $4,500, and agreed to pay a commission of 5 per cent. if the sale was made prior to May 30, 1920. May 12, 1920, plaintiff submitted a proposition to defendant involving the taking of some city property in exchange for the farm. Defendant refused to accept the proposition and claims the plaintiff thereupon told him:

"If you don't sign this contract today, we are done with you now we have sold your farm."

Plaintiff denies making such statement and claims he continued his efforts to sell the farm. May 24, 1920, defendant, through another party, sold his farm.

Plaintiff brought this suit to recover the commission, and under the listing was entitled to recover unless he informed the defendant the listing agreement was at an end. The testimony upon this question was in sharp conflict and at plaintiff's request the court submitted to the jury the following special question:

"Was there a revocation of the contract by Mr. Bresee on or before May 24, 1920?"

The jury answered "Yes," and found a verdict for the defendant. Plaintiff claims the verdict is against the great weight of the evidence. The verdict is fully supported by the testimony of defendant. The question presented was for the jury and the special verdict returned at plaintiff's request shows the jury accepted defendant's testimony. The mere fact that plaintiff and another witness denied defendant's claim of release does not show the verdict to be against the great weight of the evidence.

At the trial defendant sought to show the commission he had paid another party for selling the property and such testimony was, on objection, excluded, but it is claimed the attempt to make such showing was so often repeated and defendant, against the warning given him by the court, so repeatedly volun-

teered incompetent testimony as to prejudice plaintiff's case and the error was not cured by the striking out of the same.

The trial judge in denying the motion for a new trial said:

"It must be admitted that the apparent persistent misconduct of the defendant in attempting to ignore the ruling and direction of the court as well as the attitude of his counsel in offering another witness to testify on this same subject makes a record which is both perplexing and provoking; but that situation ought not to misguide us in exercising our discretion in passing on the question now before the court. After having given the matter careful consideration I feel quite convinced that the record as made could not have been seriously prejudicial to the rights of the plaintiff. Each time testimony of the character referred to was offered it was promptly excluded from the record and the court in somewhat severe terms criticized the defendant for volunteering a statement of the character above referred to. In fact the criticism which is set out in the plaintiff's motion for a new trial is so severe that the defendant's counsel asserts that it was probably prejudicial in the eyes of the jury to the defendant's rights. I think it can be fairly said that the statement of the court made at the time certainly must have balanced the situation up and cleared the record in such a way that the rights of the plaintiff were not jeopardized.

"In addition to this I think the interests of the defendant [plaintiff] were sufficiently safeguarded by that portion of the charge given to the jury which clearly and explicitly covered this question."

We agree with the learned trial judge.

The judgment is affirmed, with costs to defendant.

FELLOWS, C. J., and McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.